Sneed, J.,
delivered tbe opinion of the Court.
This is a proceeding by motion in this Court against the Sheriff of Davidson County and his sureties upon his official bond, for an insufficient return. On the 10th of June, 1868, a writ of venditioni exponas issued from this Court, directing the sale of a tract of land which had been levied on by virfue of an execution upon a judgment rendered in tbis Court on the 16th of February, 1869, for $862.50 and costs, in the case of William *53 B. Young v. A. Creal. The process came to the hands of one of defendant’s deputies, who made return thereof as follows: “Came to hand June 15, 1868, and executed by levying the same upon the within described property, and selling the same on the 12th of September, 1868, at the Court-house door, in the city of Nashville, for sixty dollars and sixty-five cents, to Mary J. Creal.
[Signed] M. C. Austih, D. Sheriff”.
On the 2nd of October, 1868, the plaintiff undertook to redeem the land, in pursuance of the provisions of the Code, section 2128, by bidding the amount of his debt, paying the costs and refunding to the purchaser the amount bid by her, and the following memorandum was written by him upon the back of the writ:
“Nashville, Oct. 2, 1868.
“I this day raise the bid on the land sold, to the full amount of my debt, or balance of same, and cost; that is, I bid for the land nine hundred and forty-four dollars, the principal and interest of my debt to the 12th of September, 1868, and cost of suit. I have paid the cost, and directed the clerk to refund to Mrs. Creal the amount of her bid. ¥k. B. YouNG.”
The question of law arises upon the effect of this proceeding on the part of the plaintiff. 'It was an attempt to redeem the land, which, under the statute, any bona fide creditor had a right to make. Though irregular and inartificial, we do not pronounce upon its validity, and such a question cannot be considered in this form of proceeding. The Code authorizes a judgment by motion for a false or insufficient return of an exe *54 cution, for tbe amount due upon such execution, and twelve and one half per cent, damages — § 3594.
, The insufficiency of the return is not disputed in this case; but it is urged that there is nothing due the plaintiff, he having satisfied the writ by the full amount of his debt.
The remedies against Sheriffs and other officers, for official misfeasance or malfeasance, should be rigidly enforced; but this peculiar remedy, summary, harsh, and in derogation of the common law, being very susceptible of abuse, and which may be converted into a most facile instrument of injustice, must be confined within the limits marked out by the law. “The liability of the officer,” said Judge Totten, “must not be arbitrary, but must depend upon the truth and justice of the case. He must be held liable only for the amount due upon the execution.” Smith v. Vanbibber, 1 Swan, 110. If he is in default by non-return, or false return, or insufficient return, he becomes liable for the debt, interest, and the twelve and one-half per cent, damages. But the plaintiff may lose his remedy by giving his sanction and ratification to the misfeasance of the officer, and by taking benefit and advantage under it.
We can look only to the execution to ascertain what is due the plaintiff; and the inquiry is, what is due him at the moment he invokes the judgment of the Court. In looking to the execution, we find that the debt is satisfied and discharged; there is nothing due. The plaintiff has undertaken to secure his debt by a redemption of the land. The execution does not inform us whether or not he was successful, and in this proceeding we can *55 not inquire. The time allowed for redemption has expired. He may be in the possession of the land, for aught we know, at this moment, claiming and holding under this proceeding in full discharge of his execution; or, if evicted by paramount title, be has not shown it, and we have nothing before us but a satisfaction of the writ under his own sign manual. Upon a proper proceeding, perhaps, the satisfaction might be set aside, and the motion for the debt, interest and damages, might be sustained.[1] But such a case is not presented. It is clear that the plaintiff must fail upon his motion, for the debt and interest; and it remains to be considered whether his right to the twelve and a half per cent, damages attaches upon the proof of the insufficient return. If the plaintiff, by his sanction and ratification of the return, has waived his right to this motion for his debt and interest, upon what principle can he demand the damages fixed by statute for the insufficient return? The damages are in the nature of a penalty for an official default, and are to be measured by the amount due at the time of the judgment. The motion lies, in the language of the statute, for the amount due upon sueh execution, and twelve and one-half per cent, damages. There must be some amount due on the execution upon which the damages are to be estimated. It has been held by this Court, that the tender of the amount due on the execution, after notice, but before judgment, is no ground of defense against the motion. The failure to return according to law fixes the liability of the officer, *56 which can not be discharged by a tender. Chaffin v. Crutcher, 2 Sneed, 360. This doctrine we do not controvert. The plaintiff has a right to his damages of twelve and one-half per cent. The officer’s liability had attached. The plaintiff could not be compelled to relinquish his right by an acceptance of the tender. But if he had accepted the tender, and satisfied the execution, there would have been nothing due upon which an estimate of the damages could be made. We apprehend that no court, in such a case, would have given judgment for damages. We would take it as an exceeding hardship, which can find no sanction in sound authority, and certainly none in the instincts of justice, if an officer, ignorant of the forms of law, had made a return, which, however inartificial and insufficient in law, had nevertheless, resulted in satisfying the plaintiff’s debt, and yet, for his harmless blunder, he should be subjected to the penalty prescribed by the statute, of paying to the plaintiff twelve and one-half per cent, for doing him the favor of collecting his debt. And that is precisely this case. Upon examination of the authorities, it will be seen that it is only in cases where the debt or a part of it is due at the time of the motion that the damages are given. Thus, in the case of Barnes v. White, 2 Swan, 442, it is held that the fact that the plaintiff in a judgment, has an alias execution to issue, and receives a partial payment of his judgment after the Sheriff has rendered himself liable by an insufficient return of the first execution issued, is no waiver of the right to have judgment by motion against the Sheriff for the remainder of the judgment, and the damages given by statute.
*57 The plaintiff in this case, having adopted the return —having by his solemn admission here of record, acknowledged the payment of his debt — cannot now be heard after the lapse of more than two years, to complain. He has waived his right to do so by his deliberate sanction of the act of the Sheriff, and by taking a benefit under it. This doctrine of waiver was carried much farther in the case of Trigg v. McDonald, 2 Hum., 389, which was a case of false return. In that case, the Sheriff made part of the money, and paid it to the plaintiff’s attorney.[1] “It is laid down,” said Judge Green, “in the book heretofore quoted — Watson on Sher., 204 — • that if a Sheriff return that he has levied part only of the sum directed to be levied on the fi. fa., the plaintiff, by receiving the money which the Sheriff returns that he has levied, waives his action against the Sheriff for a false return.” Et vid., Wright v. Johnson, 3 Sneed, 407.
If then there be no debt, how can the plaintiff take his judgment for damages? The damages are the incident of the debt — they spring out of it and are computed upon it. The plaintiff has seen proper to satisfy the writ and thus waive his right to a motion for the debt; and as the law entitles him to what is due at the time of the rendition of the judgment, and twelve and one-half per cent, damages thereon, it follows, as a logical consequence, that if there be no debt there can be no damages.
This cannot be assimilated to a case where only a partial payment has been made, or even to a case where the *58 whole has been, paid into the hands of the Clerk. In the first case the plaintiff would unquestionably be en-entitled to the motion for the balance, and his damages thereon; and in the latter, he would have his election to waive his rights and accept the money, or to decline it and proceed against the officer for the whole debt and damages thereon. But in a case like this, where the plaintiff' has adopted and ratified the insufficient return, and has, according to the record, taken benefit under it to the extent of the full satisfaction of his judgment and interest, and thus in a manner assured the impunity of the officer, and for more than two years led him to believe that the debt was satisfied, he must be held to have waived his right and can take nothing by his motion. For these reasons the motion is ■ disallowed.

 Sse Lane v. Marshall, 1 Heis., 30; Swaggerty v. Smith, lb., 403.

 See ante, Dunnaway v. Collier, p. 10.